Milligan, J.,
delivered the opinion of the Court.
This is a bill filed by. Abraham Tipton, in the Chancery Court of Carter County, against Thomas J. Powell, Thomas C. Johnson, and others, to enjoin the sale of a tract of land containing 212 acres, which Johnson had conveyed in trust, to secure Powell in the payment of $310.35. The grounds of relief, as set up and relied on in the bill, are as follows:
*20 On the 5th of September, 1840, complainant, Tipton, conveyed to his son-in-law, Thomas C. Johnson, the land in controversy, and the one-half of another tract containing 130 acres, for about, as it is stated, the consideration of $4,000. On the 12th of April, 1842, George D. Williams and Solomon Hendrix filed their bill in the Chancery Court at Jonesborough, to be exonerated, as the securities of Abraham Tipton, as Sheriff of Carter County, from the payment of certain judgments that had been recovered by motion against him, and to set aside the deeds of conveyance from Tipton to Johnson. The cause was heard in the Court below, and by appeal in error, was twice in this Court. The decree here declared the conveyance from Tipton to Johnson fraudulent and void, and substituted Williams and Hendrix to the rights of judgment creditors, and directed a sale of the lands. The land was sold, and at the sale, under a verbal agreement between Hendrix, one of the complainants, and Johnson, bid in by the former, with the understanding that as soon thereafter as he could ascertain the liabilities of himself and Williams, as the securities of Tipton on his official bond, the bid should be advanced to that amount. The amount was found to be $968.12, to which the bid was raised. Johnson thereupon, in the presence of Tipton, redeemed the lands, by assuming the payment of the advanced bid, and executed his notes therefor, with security. To indemnify his securities, Johnson conveyed, by deed, to Robert Love, the land, in trust, for their benefit. Before this trust was fully discharged, Johnson executed another deed in trust, to one Isaac P. Tipton, for the same land, to secure the defendant, Thomas J. Powell, in the payment of a note of $310.35, due from him to Powell.
*21 On tbe 81st of December, 1856, James J. Tipton filed his bill against Isaac P. Tipton, Abraham Tipton, Thomas C. Johnson, and others, to procure a sale of the land in controversy, to satisfy certain debts, due from Abraham Tipton and Thomas 0. Johnson to him; and on the 13th of August, 1857, pending this litigation, Thomas J. Powell filed his bill to enforce his deed of trust, and the collection of other claims, which he held against Johnson. These causes were heard together, by consent, and a decree pronounced by the Chancellor, directing the sale of the 212 acre tract of land, except 80 acres, which had been previously conveyed by Johnson to his father-in-law, Tipton. To stay these proceedings, and to' set aside the deeds of trust executed by Johnson, and to have a resulting trust declared in his favor, the complainant brings this bill.
The grounds of relief, as stated in the bill, are, that he paid the greater part of the purchase money due from Johnson to Hendrix, and that the deeds of trust executed by Johnson to Love and Tipton, were void, because this Court had declared his title fraudulent, and no other conveyance had been made to him. The answer denies the payment of the redemption money by complainant, and insists on the fact that he has recognized Johnson’s title. Various questions are raised and relied on in argument for the complainant, but in the view we have of the case, it is unnecessary to discuss them in detail.
Johnson derived no valid title by his deed from Tip-ton. The conveyance is fraudulent and void as to creditors, and it was so declared by this Court. The sale made in conformity to the decree by the Commissioner *22 appointed in the decree rendered here, so far as appears from the imperfect record before us and the admission of the parties, was regular, and operated to direst the title.
The record of the cause in which it was made, is only partially exhibited, and it does not show the sale was ever confirmed. But it was made under a Court of competent jurisdiction, and in the absence of all countervailing proof, both upon principle and authority, its confirmation and regularity will be presumed. The parties at the time recognized its validity, and they cannot now be heard to gainsay it. The redemption by •Johnson from Hendrix, appears also to be an admitted fact, and we find nothing in the record to repel the truth of this admission. On the contrary, every thing goes to confirm it. Johnson advanced §300 of the redemption money at the time, and in the presence and with the consent of Tipton, executed his note, with the deed of trust to Robert Love, to secure the remainder. Tipton has since, by his solemn admission, in the course of the various judicial proceedings exhibited in the record, recognised, and it is too late now to escape the consequence of his own acts.
2d. It is further insisted, if Johnson, by virtue of his redemption from Hendrix, acquired any interest in the land, it was an interest in favor of Tipton, who, it is argued, advanced the greater part of the purchase money, and to whom a trust resulted superior to any title acquired by the trust deeds from Johnson.
We admit the force of this rule of law in a proper case, but we cannot assent to its application in this cause. A Court of equity will not execute an implied *23 or resultant trust, when ■ the party seeking to enforce it does-not stand before the Court unimpeached by fraud or gross misconduct. The complainant, Tipton, does not occupy this attitude. The inception of these complicated transactions was impressed with a fraudulent design, and subsequent history has failed completely to remove it. The trust to Isaac P. Tipton, to secure Powell’s debt, was executed on the 27th of January, 1853, and duly registered the day following. On the 13th of August, 1856, Johnson, by deed, conveyed to complainant 80 acres of the same 212 acre tract conveyed in trust to Isaac P. Tipton to secure Powell’s debt, and that in August following, 1857, Powell filed his bill to enforce his trust, and to collect other debts which he held against Johnson, To this bill, complainant, Tipton, admits he made no answer, and on the 12th of August 1858, assents to a decree rendered in the case of James J. Tipton, v-s. complainant, Thomas C. Johnson, et als., in which the rights of Powell, under his trust deed, was fully adjudged,. and the land ordered to sale to satisfy the trust debt.
These repeated and solemn admissions of the complainant, leaves us no alternative but to declare that he is estopped from settling up any claim, as against Thomas J. Powell, to ' the lands conveyed in trust to Isaac P. Tipton to secure Powell’s debt. The record shows complainant’s admissions to be true, and the case Hamilton vs. Zimmerman, 5 Sneed, 39, as against complainant, presumes them true; “and this presumption proceeds upon the doctrine of estoppel, which, from matters of public policy, or expediency, will not, in some instances, suffer a man to contradict, or gainsay what, *24 under particular circumstances, be may have previously said or done. This doctrine is said to have its foundation in the obligation under which any man is placed to speak and act, according to the truth of the case; and in the policy of the law, to suppress the mis-chiefs from the destruction of all confidence in the intercourse and dealings of men, if they were allowed to deny that which, by their solemn and deliberate acts, they have declared to be true.” As to the 80 acres conveyed, by Thomas C. Johnson to Abraham Tipton, in • consideration of two bounty land warrants, or certificates, which had issued to complainant on account of his military service in the war with Great Britain in 1812, the Chancellor made no decree, nor do we feel called upon here to enlarge the decree of the Chancellor. The Act of Assembly of the 3d of March, 1854, protects lands thus purchased against any of the warranties debts. We do not intimate an opinion, one way or the other, on this part of the decree.
The Chancellor’s decree will be affirmed, with costs, and the cause remanded to be proceeded in' according to this opinion.